THOMAS H. BULLOCK v. THOMAS J. BULLOCK.

(Filed 5 March, 1913.)

**Deeds and Conveyances—Agreement to Stand Seized to the Use— Life Estates—Instructions for Jury—Tenants at Will.**

A father conveyed his home to his son, and ten days thereafter received from his son a paper-writing, under which the former claims a life estate, which partly reads as follows: "In consideration of the deed to our home, I hereby state that by mutual consent and agreement my father will act as guardian, and his rulings shall be final . . . the house to be a home for my father, etc. . . . It is expressly understood that said property is not to be rented, mortgaged, or sold." This was

signed by the son as the "holder of the deed." There were no words of conveyance in or seal to the instrument. Gathering the intent from the paper-writing and from the evidence in this case, it is *Held*, that a question was raised for the determination of the jury as to whether the defendant stood seized of the use of the property for the benefit of the parties named in the instrument for life, and it was error for the court to instruct the jury that the writing created a license terminable at will upon reasonable notice.

APPEAL by plaintiff from *Daniels, J.,* at October Term, 1912, of VANCE.

*T. T. Hicks for plaintiff.*
*T. M. Pittman and A. C. & J. P. Zollicoffer for defendant.*

CLARK, C. J. This is an action by a father against his son to set aside his deed to his son on the ground of fraud. The jury found this issue against the plaintiff. The plaintiff further alleged an estate for life in the property by virtue of the following agreement:

*To Whom it May Concern:* This is to certify that I, Thomas J. Bullock, in consideration of the deed to our home, the same being in my name, do hereby state that by mutual consent and agreement my father, Thomas H. Bullock, will act as guardian, and his rulings shall be final. That said house shall always be a home for the comfort and enjoyment of my father, Thomas H. Bullock, and Mrs. Nannie A. Bullock, and for my brothers, Henry B., Willie E., and for my sisters, Maggie J., the son of the deceased, Robert L. Owens, Mrs. Frances Thompson, and Sallie. The guardianship of said property shall be handed down to the next oldest living sister or brother, with the same authority vested in him or her as is above set forth. It is to be expressly understood that said property is neither to be rented or mortgaged nor sold. This testament is to remain at home, in the possession of the guardian, as a code whereby he or she may be directed as guardian from time to time, as the case may be.

Given under my hand, this 15 October, 1909, at Henderson, North Carolina.                    THOMAS J. BULLOCK,
                                        *Holder of the Deed.*

The land in controversy was conveyed to the plaintiff August, 1902. On 5 October, 1909, he conveyed it to the defendant. On 15 October, 1909, the defendant delivered to the plaintiff the above instrument. The plaintiff testified that he had paid something on the land and that some of his other children had paid something thereon and the defendant the balance. The defendant testified that he had paid all the purchase money except a very small sum, and the deed had been made to his father in 1902 at his instance, and that the conveyance by his father to him in 1909 was in pursuance of the original understanding, and because of his payment of substantially all the purchase money.

On this second cause of action the court submitted this issue: "Has plaintiff any estate in the land described in the complaint under the paper-writing from defendant to the plaintiff, dated 15 October, 1909?" Under the direction of the court, the jury answered this "No; a license terminable at will, upon reasonable notice." To that instruction exception was taken. The court entered judgment against the plaintiff.

The above instrument is very inartificially drawn. It was not a conveyance, because there are no words of conveyance and no seal. But from the recital therein, *"in consideration* of the deed to home" and *"by mutual consent and agreement,"* and the words at the end describing the defendant as "holder of the deed," and upon the evidence, it might well be inferred that the intention of the parties was that the defendant should stand seized of the premises for the benefit of himself and the other parties named therein, during their lifetime. The intention must be gathered, not only from the face of the writing, which itself is not clear, but from the evidence in regard to the transaction. We think this should all have been submitted to the jury and that the judge should not have held as a matter of law that the agreement was a mere license, revocable at will of defendant.

The case will therefore go back for a new trial upon this last issue. The costs of this Court will be divided.

Partial new trial.